# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNY WESTERFIELD, | Civil Action No. 15 – 634 |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |
| Respondents. | |

## MEMORANDUM AND SHOW CAUSE ORDER

Before the Court is a Petition for Writ of Habeas Corpus filed by Ronny Westerfield ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Fayette County on November 4, 2008.

It appears to the Court that all of Petitioner's claims are subject to dismissal under AEDPA's one-year statute of limitations, which is codified at 28 U.S.C. § 2244(d). Respondents did not raise this issue in their Answer. Nevertheless, the Court may raise the issue *sua sponte* as long as Petitioner is given fair notice and an opportunity to respond and is not prejudiced. Day v. McDonough, 547 U.S. 198, 205-10 (2006); United States v. Bendolph, 409 F.3d 155, 161-70 (3d Cir. 2005) (en banc). *See also* Wood v. Milyard, — U.S. — , 132 S.Ct. 1826, 1834 (2012). This Memorandum gives him the required notice. Pursuant to the attached Order, both parties are provided with the opportunity to set forth their positions regarding the statute of limitations.

Petitioner in particular must show cause why his claims should not be dismissed for failure to meet the statutory deadline.

### A. Procedural Background

Ronny Westerfield has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his judgment of sentence entered by the Court of Common Pleas of Fayette County on November 4, 2008, after he was found guilty of criminal attempted rape of a child, involuntary deviate sexual intercourse of a child, and corruption of minors, and sentenced to *inter alia* 16 to 32 years of incarceration.[1] (Rep't Ex. 2, ECF No. 26-2); *see also* Commonwealth v. Westerfield, CP-26-CR-0001990-2007 (Fayette County Com. Pl.).[2]

Following the imposition of sentence, Petitioner filed a direct appeal challenging only the sufficiency of evidence to support his conviction. (Resp't Ex. 3, ECF No. 26-3.) On December 23, 2008, the Court of Common Pleas of Fayette County ("trial court") issued an Opinion in Support of Verdicts. (Resp't Ex. 4, ECF No. 26-4.) In an unpublished Memorandum filed on June 17, 2009, the Superior Court of Pennsylvania affirmed Petitioner's judgment of sentence. (Resp't Ex. 5, ECF No. 26-5); *see also* Commonwealth v. Westerfield, 981 A.2d 325 (Pa. Super. Ct. 2009) (Table). The Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal ("PAA") on February 24, 2010. (Resp't Exs. 5(a) and 5(b), ECF Nos. 26-6, 26-7); *see also* Commonwealth v. Westerfield, 989 A.2d 917 (Pa. 2010) (Table).

---

[1] Petitioner was also charged with rape of a child, but upon a motion for judgment of acquittal, that charge was dismissed on May 8, 2008. (Resp't Ex. 1, ECF No. 26-1.)

[2] The docket sheet for Petitioner's criminal case is a matter of public record and available for public view at https://ujsportal.pacourts.us/

Petitioner filed a timely petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq.*, on or around September 15, 2010, raising only a single ground of ineffective assistance of counsel. (Resp't Ex. 6, ECF No. 26-8.) The trial court appointed counsel to represent Petitioner, but counsel moved to and was subsequently granted permission to withdraw after filing a no-merit letter in accordance with Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988). The trial court then issued an Order dated April 25, 2011, advising Petitioner of its intent to dismiss his PCRA petition on the basis that he failed to allege how his trial counsel was ineffective and giving Petitioner twenty (20) days in which to respond to the proposed dismissal in accordance with Pa. R. Crim. P. 907(1). (Resp't Ex. 7, ECF No. 26-9.) Petitioner did not respond to the trial court's Order and the trial court dismissed his PCRA petition without a hearing on May 17, 2011. (Resp't Ex. 8, ECF No. 26-10.) Petitioner then filed an appeal to the Superior Court, alleging that the trial court should not have dismissed his PCRA petition without a hearing and that it erred in finding that trial counsel was not ineffective. (Resp't Exs. 9, 10(a), ECF No. 26-11, 26-13.) In an unpublished Memorandum filed March 9, 2012, the Superior Court affirmed the dismissal of Petitioner's PCRA petition. (Resp't Ex. 10, ECF No. 26-12); *see also* Commonwealth v. Westerfield, 47 A.3d 1240 (Pa. Super. Ct. 2012) (Table).

Petitioner filed a second PCRA petition on November 7, 2012, wherein he alleged a violation of due process, fraud by the public defender resulting in a miscarriage of justice, and a lack of subject matter jurisdiction by the trial court. (Resp't Exs. 11, 11(a), ECF Nos. 14, 15.) The trial court issued an Order dated November 27, 2012, advising Petitioner of its intent to dismiss the second PCRA petition as untimely and providing him with twenty (20) days to respond to the proposed dismissal in accordance with Pa. R. Crim. P. 907(1). (Resp't Ex. 12,

ECF No. 26-16.) This time Petitioner responded to the trial court's Order, (Resp't Ex. 13, ECF No. 26-17), but the trial court still dismissed it without a hearing on December 13, 2012, (Resp't Ex. 14, ECF No. 26-18). Petitioner appealed the dismissal of his second PCRA petition, challenging the trial court's conclusion that it was untimely, as well as the substance of the petition. (Resp't Ex. 15, ECF No. 26-19.) In an unpublished Memorandum filed on March 3, 2015, the Superior Court concluded that Petitioner had waived any issue on appeal for having not timely filed a concise statement of issues on appeal in accordance with Pa. R.A.P. 1925, and, even if he had not, that the second PCRA petition was untimely, therefore affirming the dismissal of the second PCRA petition. (Res't Ex. 16, ECF No. 26-20.)

In August 2014, Petitioner filed a "Motion to Correct Illegal Sentence" in which he alleged that the charge of involuntary deviate sexual intercourse with a child was withdrawn at his preliminary hearing and not properly re-filed. (Resp't Ex. 17, ECF No. 26-23.) In an Opinion and Order dated February 20, 2015, the trial court denied the Motion to Correct Illegal Sentence on the merits. (Resp't Ex. 18, ECF No. 26-24.) Petitioner appealed the denial of relief, and, in an unpublished Memorandum filed September 18, 2015, the Superior Court firstly determined that Petitioner's Motion to Correct Illegal Sentence was really a third PCRA petition and secondly denied the petition as untimely. (Resp't Ex. 19, ECF No. 26-25.)

Pursuant to the prisoner mailbox rule, Petitioner instituted the instant habeas corpus proceedings on May 8, 2015.[3] Respondents filed their Answer to the Petition for Writ of Habeas

---

[3] Even though Petitioner signed and dated his Motion for Leave to Proceed *in form pauperis* April 25, 2015 (ECF No. 1), and signed and dated his Petition for Writ of Habeas Corpus May 1, 2015 (ECF No. 1-1), his monthly account statement reflects transactions up to May 8, 2015 (ECF No. 1). Therefore, the absolute earliest Petitioner could have placed his Petition in the mail was May 8, 2015. Pursuant to the prisoner mailbox rule, this will be considered the filing date of the Petition. *See* Houston v. Lack, 108 S. Ct. 2379 (1988) (deeming a *pro se* prisoner's notice of

4

Corpus on February 26, 2016 (ECF No. 26), and Petitioner filed a Response to the Answer on June 15, 2016 (ECF No. 36). Petitioner raises four claims in his Petition. In his first claim, Petitioner alleges ineffective assistance of counsel for failing to exercise due diligence in gathering information and calling witnesses he claims would have supported his defense. He also claims that counsel "conspired with the Commonwealth" to conceal the supposed fact that Petitioner lacked knowledge that the withdrawn charge of involuntary deviate sexual intercourse with a child, 18 Pa. C.S.A. § 3123(b), was re-refiled. Petitioner's remaining three claims arise from the same circumstances – the re-filing of the charge of involuntary deviate sexual intercourse with a child, 18 Pa. C.S.A. § 3123(b). He claims that the re-filing of the charge without his knowledge, and after it had been withdrawn at his preliminary hearing, constituted a violation of his due process rights, was a miscarriage of justice, and rendered his sentence for the charge illegal. (ECF No. 3.)

**B. Discussion**

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

appeal filed "at the time petitioner delivered it to the prison authorities for forwarding to the court"). See also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

As to the first inquiry, the vast majority of habeas cases fall within § 2244(d)(1)(A), with AEDPA's limitation period commencing for all claims on the date the state prisoner's judgment of sentence became final by the conclusion of direct review. Such is the case here with respect to all of Petitioner's claims.

In this case, Petitioner did not seek review with the United States Supreme Court after the Supreme Court of Pennsylvania denied his PAA on February 24, 2010. Therefore, his judgment of sentence became final on May 26, 2010. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). Absent any tolling of the statute of limitations, Petitioner had one year from that date, or until May 26, 2011, to file his Petition for Writ of Habeas Corpus.

As to the second inquiry, the one-year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings pursuant to section 2244(d)(2). Petitioner sought collateral relief through a properly filed PCRA petition on September 15, 2010. At that time, 111 days of his one-year statute of limitations period had expired (May 27, 2010 to September 15, 2010). The statute of limitations was then tolled until March 9, 2012 when the Superior Court affirmed the dismissal of PCRA relief.

While Petitioner did file a second PCRA petition on November 7, 2012, it was ultimately dismissed by the trial court as untimely, and the dismissal of the petition as untimely was affirmed by the Superior Court on March 3, 2015. The United States Supreme Court has held that time limits are "filing" conditions and that when a state court rejects a post-conviction petition as untimely it is not "properly filed" and does not statutorily toll the one-year AEDPA time limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("When a postconviction petition is untimely under state law, that is the 'end of the matter' for purposes of § 2244(d)(2)."); *see also* Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), *cert. denied*, Horn v. Fahy, 534 U.S. 944 (2001) (holding that a PCRA petition dismissed by the state court as time-barred was not "properly filed" and therefore does not toll the statute of limitations for a federal habeas

corpus petition). Moreover, a PCRA petition dismissed as untimely is still not "properly filed" even if the applicant asserted a statutory exception to the Pennsylvania statute of limitations. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir. 2003); *see also* Pridgen v. Shannon, 380 F.3d 721, 728-29 (3d Cir. 2004).

Because Petitioner's second PCRA petition did not qualify as "properly filed" (nor did his subsequently filed Motion to Correct Illegal Sentence), and did not toll any portion of his one-year statute of limitations, the remaining portion of Petitioner's statute of limitations (254 days) started to run again on March 10, 2012, the day after the Superior Court affirmed the dismissal of his first PCRA petition, and it ran until it expired on November 19, 2012. Petitioner did not initiate these proceedings until May 8, 2015, well past the expiration of the statute of limitations.

Based upon all the foregoing, it appears to the Court that all of Petitioner's claims are untimely. Unless he can demonstrate in his response to the Court's show cause order that AEDPA's limitations period commenced for any of his claims on a date set forth in § 2244(d)(1)(B)-(D) and/or that equitable tolling[4] applies during the relevant time period, this Court will dismiss the Petition as untimely. An appropriate Order follows.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

---

[4] The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 2562. See also United States v. Thomas, 713 F.3d 165, 174-75 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. Apr. 5, 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNY WESTERFIELD, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH OF ) <br> PENNSYLVANIA and THE ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF PENNSYLVANIA, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 15 – 634 <br><br> Magistrate Judge Lisa Pupo Lenihan |

**ORDER**

AND NOW, this 21 day of June, 2018;

IT IS HEREBY ORDERED that, on or before July 20, 2018, Petitioner may file a response to this Court's Memorandum and show cause why his claims should not be dismissed for failure to file them within the one-year limitations period. On or before that same date, Respondents may submit a response setting forth their position.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Ronny Westerfield
HU-7648
10745 Route 18
Albion, PA 16475

Counsel for Respondents
(Via CM/ECF electronic mail)