# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNY WESTERFIELD, | Civil Action No. 15 – 634 |
| Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |
| Respondents. | |

## MEMORANDUM AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Ronny Westerfield ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Fayette County on November 4, 2008.

On June 21, 2018, this Court ordered Petitioner to show cause why the claims in his Petition should not be dismissed for failure to file them within AEDPA's one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). (ECF No. 39.) He filed his response on July 20, 2018. (ECF No. 41.) Respondents were also allowed to submit a response setting forth their position, which they also filed on July 20, 2018. (ECF No. 40.)

In the Memorandum and Order to Show Cause dated June 21, 2018, this Court set forth the procedural history of Petitioner's underlying state court criminal proceedings and found that his one-year statute of limitations period to file his federal habeas petition expired on November

1

19, 2012. (ECF No. 39, pp.2-5, 8.) Respondents agree that the Court's calculation was correct (ECF No. 40), but Petitioner disagrees and argues that his Petition was timely filed (ECF No. 41).

In his response, Petitioner essentially argues that this Court must toll the time his second PCRA petition was pending in the state courts (November 7, 2012 through March 3, 2015) because the state courts incorrectly determined that it was untimely filed. This argument is without merit for several reasons. First, the state courts were not incorrect in their determination that Petitioner's second PCRA petition was untimely filed. Under Pennsylvania's Post Conviction Relief Act, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . . ." 42 Pa. C.S. § 9545(b)(1). Petitioner argues that his second PCRA petition was filed within one year of the date his judgment of sentence became final when you toll the time his first PCRA petition was pending in the state courts. However, this interpretation of the PCRA statute is incorrect and for reasons specifically addressed by the Pennsylvania Superior Court when they determined Petitioner's second PCRA petition was untimely filed. As that court stated, "[i]n calculating timeliness of second or subsequent petitions, neither this Court, nor our Supreme Court, have ever excluded the time during which the petitioner's first PCRA petition was pending." (ECF No. 26-20, p.9.) As such, this Court was not wrong when it concluded that Petitioner's second PCRA petition did not toll any portion of the one-year AEDPA statute of limitations because it was not "properly filed." (ECF No. 39, pp.7-8.)

Second, this Court may not take it upon itself to toll the time Petitioner's first PCRA petition was pending in the state courts when determining whether his second PCRA petition was timely filed under the PCRA. The United States Supreme Court has stated that, "When a

postconviction petition is untimely under state law, that is the 'end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The state court determined that Petitioner's second PCRA petition was untimely filed, therefore, this Court must find that it was not "properly filed" for purposes of calculating Petitioner's one-year statute of limitations under the AEDPA. *See* Horn v. Fahy, 534 U.S. 944 (2001) (holding that a PCRA petition dismissed by the state court as time-barred was not "properly filed" and therefore does not toll the statute of limitations for a federal habeas corpus petition).

Finally, even if this Court were to toll the time during which Petitioner's second PCRA petition was pending in the state courts, his federal habeas petition would still be untimely. As stated in this Court's prior Memorandum, 111 days of Petitioner's one-year statute of limitations period expired (May 27, 2010 to September 15, 2010) before he filed his first PCRA petition, which was a "properly filed" petition that tolled the statute of limitations (September 15, 2010 to March 9, 2012). (ECF No. 39, p.7.) Petitioner did not file his second PCRA petition until November 7, 2012, 240 days after the Pennsylvania Superior Court affirmed the dismissal of his first PCRA petition on March 9, 2012. Id. That means that 351 (111+240) days of Petitioner's one-year statute of limitations period expired before he filed his second PCRA petition. Assuming this Court were to toll the time the second PCRA petition was pending in the state courts, that is until March 3, 2015 when the Pennsylvania Superior Court affirmed the dismissal of the second PCRA petition, Petitioner did not file his federal habeas petition in this Court until May 8, 2015, which was 65 days later, and Petitioner had only 14 days (365-351) remaining in which to file it. As such, even assuming Petitioner's second PCRA petition was a "properly filed" petition, which the Court specifically finds that it was not, the instant Petition is still untimely.

In addition, while he does not address it in his response, any attempt by Petitioner to argue that his third PCRA petition ("Motion to Correct Illegal Sentence"), which was filed in August 2014, was a "properly filed" petition that tolled the statute of limitations in this case is without merit.[1]

Based upon all the foregoing, it appears to the Court that all of Petitioner's claims are untimely. This Court will therefore dismiss the Petition as untimely. An appropriate Order follows.

Dated: July 24, 2018

Lisa Pupo Lenihan
United States Magistrate Judge

---

[1] The Court notes that Petitioner dedicates a significant portion of his response arguing that his Rule 1925(b) statement was not untimely filed and that the Pennsylvania Superior Court erred in finding so. However, this is of no concern to this Court's determination of timeliness because the Pennsylvania Superior Court also found that Petitioner had "failed to plead and prove the applicability of any exception to the PCRA's timeliness requirement . . . even had [he] timely filed his Rule 1925(b) statement . . . ." (ECF No. 26-20, p.9.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RONNY WESTERFIELD, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 15 – 634 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

## ORDER

**AND NOW**, this 24th day of July, 2018;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 3) is dismissed as untimely.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Ronny Westerfield
HU-7648
10745 Route 18

5

Albion, PA  16475

Counsel for Respondents
(Via CM/ECF electronic mail)